UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CECELIA DAWSON, et al.,<br><br>　　　　　　　Plaintiffs,<br>　v.<br>RICHMOND AMERICAN HOMES OF NEVADA, INC., et al.,<br>　　　　　　　Defendants. | Case No. 2:12-cv-01563-MMD-VCF<br><br>ORDER<br><br>(Plfs.' Motion to Remand – dkt. no. 15;<br>Plfs.' Motion to Strike – dkt. no. 19) |

**I.    SUMMARY**

Before the Court are Plaintiffs' Motion to Remand to State Court (dkt. no. 15) and Motion to Strike Defendant's Evidentiary Objections (dkt. no. 19). For the reasons discussed below, the Motion to Remand is granted, and the Motion to Strike is denied.

**II.    BACKGROUND**

Plaintiffs, a group of homeowners, originally brought this action in state court against Defendant Richmond American Homes of Nevada, Inc. ("Richmond") seeking recovery for Richmond's allegedly defective construction of Plaintiffs' homes. (*See* dkt. no. 1-1.) Richmond timely removed the action to this Court on August 31, 2012, on the basis of both diversity jurisdiction, *see* 28 U.S.C. § 1332(a), and the case's class action status, *see* 28 U.S.C. § 1332(d)(2)(A). (*See* dkt. no. 1.)

On September 28, 2012, Plaintiffs filed their Amended Complaint, which added twenty eight (28) additional plaintiffs and removed references to unnamed and unknown "Zoe" plaintiffs. (*See* dkt. no. 9.)

Plaintiffs now seek remand of the suit to state court, arguing that neither the requirements of diversity jurisdiction nor the requirements for class action jurisdiction exist to confer this Court authority to hear this suit. (*See* dkt. no. 15.) Richmond opposes remand. (*See* dkt. no. 16.) Plaintiffs filed their Reply on November 26, 2012 (*see* dkt. no. 17),[1] which prompted an opposition from Richmond relating to the declaration of Jonathan Lattie, Plaintiffs' attorney of record (*see* dkt. no. 18).[2]

### III.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a

---

[1] Plaintiffs are advised to adhere strictly to Local Rule 7-4, which limits the length of reply briefs to 20 pages, excluding exhibits. Plaintiffs filed their 29-page Reply without seeking leave of Court, a violation of the local rules which will not be excused in future filings.

[2] Finding no occasion to consider Richmond's Objection in light of the ruling below, the Court denies Plaintiffs' Motion to Strike.

preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In determining what evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (*quoting Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In determining the amount in controversy, a district court may consider the amount of compensatory and punitive damages recoverable based on the plaintiff's complaint as well as attorneys' fees, but may not consider interest and cost of suit. *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (*citing Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333, 347-48 (1977)).

In addition to diversity jurisdiction, the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), vests a district court with "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which" the parties satisfy, among other requirements, minimal diversity. 28 U.S.C. § 1332(d)(2). CAFA includes within its definition of a class action a "mass action," which is in turn defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, . . . ." *Id.* at § 1332(d)(11)(B)(i).

**IV.    DISCUSSION**

    **A.    Diversity Jurisdiction**

Richmond argues that diversity jurisdiction is proper here because it is a Colorado corporation with its principal place of business in Colorado, and the amount-in-controversy exceeds $75,000.

### 1.   Citizenship of the Parties

A corporation is a citizen of both the state where it is incorporated and the state where it maintains its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  The parties do not dispute that Richmond is incorporated in Colorado.  They disagree on Richmond's principal place of business: Plaintiffs argue that because Richmond's President is "located in" Las Vegas, Nevada (according to Richmond's corporate filing with the Nevada Secretary of State), its principal place of business is in Nevada.  Richmond disagrees, and appends to its Response a declaration from its President that testifies to Richmond's principal place of business being in Richmond's Denver corporate headquarters.

In light of the affidavit provided by Richmond, the Court is satisfied that Richmond's principal place of business is in Denver. The President testified that although he is based in Las Vegas, Nevada ─ the site of Richmond's homebuilding operations ─ all other Richmond officers, as well as its Board of Directors, are located and work out of its parent company's corporate headquarters in Denver.  (*See* dkt. no. 16-1.)  Significant corporate decisions are "subject to review and approval" in Denver, while the company's "primary administrative operations" and use of "marketing and promotional material" occurs in Denver.  That Richmond's President manages day-to-day operations from Nevada does not change the Court's conclusion that Denver is the place where Richmond's "officers direct, control, and coordinate the corporation's activities."  *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192 (2010).  Accordingly, Richmond has met its burden to demonstrate its Colorado citizenship.

### 2.   Amount-in-Controversy

The Court analyzes the amount in controversy under the "anti-aggregation principle" that forecloses multiple plaintiffs who assert "separate and distinct" claims in a lawsuit from aggregating their claims to meet the threshold amount-in-controversy requirement. *See Synder v. Harris*, 394 U.S. 332, 335 (1969).  Here, each Plaintiff's claims are "separate and distinct," *see Eagle v. Am. Tel. and Tel. Co.*, 769 F.2d 541, 546

(9th Cir. 1985), since they can enforce their own construction defect claims independent of the others, *see Troy Bank of Troy, Ind., v. G.A. Whitehead & Co.*, 222 U.S. 39, 41 (1911) (noting that a common and undivided interest requires that "neither [party] can enforce in the absence of the other").

In their Amended Complaint, Plaintiffs allege general and special damages in excess of $40,000, excluding attorneys' fees, costs, and expert costs and expenses. (*See* dkt. no. 9 at 15.) Richmond speculates that this figure will more likely than not total in excess of $75,000, in part by offering evidence that a similar suit against Richmond brought by Plaintiffs' counsel met the threshold amount. But having offered no facts to demonstrate that the second suit is factually identical, the Court cannot appraise the value of this suit. *See Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012) (requiring "factually identical or, at a minimum, analogous" comparison case). Richmond provides no other facts that allow the Court to determine how much above $40,000 Plaintiffs seek. As it must "resolve[] all ambiguity in favor of remand to state court," these doubts over the amount-in-controversy preclude the Court from exercising jurisdiction over this case.[3] *See Hunter v. Phillip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009).

### B. Class Action Fairness Act Jurisdiction

Richmond also argues that removal to this Court was appropriate under CAFA. At the time of its removal, Plaintiffs' original complaint was brought on behalf of sixteen (16) named homeowners and 1-500 fictitious "Zoe" plaintiffs. (*See* dkt. no. 1-1.) The

---

[3]Richmond also suggests that Plaintiffs should be estopped from seeking remand in light of their previous actions in a past suit. But Richmond's estoppel argument is inapplicable here, since the Court is under a perpetual obligation to ensure its own jurisdiction over the case ─ an obligation that cannot be waived or otherwise limited by a party's actions. *See Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983) ("The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction."); *Whiting v. Krassner,* 391 F.3d 540, 543-544 (3d Cir. 2004) ("[C]ourts have generally refused to resort to principles of judicial estoppel to prevent a party from 'switching sides' on the issue of jurisdiction.").

Amended Complaint struck all reference to the fictitious plaintiffs, and raised the total number of named plaintiffs to 46. (*See* dkt. no. 9.) The Court notes first that the federal rules' liberal amendment procedures disfavor the use of fictitious parties in litigation. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). For this reason, the Ninth Circuit has rejected attempts to use fictitious parties to satisfy federal jurisdictional rules. *Molnar v. Nat'l Broad. Co.*, 231 F.2d 684, 687 (9th Cir. 1956) (noting that "no one of the Rules of Civil Procedure under which federal courts operate gives warrant for the use of" fictitious parties for jurisdictional purposes). Thus, at the time of Richmond's removal, the fictitious individuals were not proper plaintiffs, and could not serve as the basis for characterizing this suit as a "mass action." *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (right to remove is determined according to plaintiff's pleadings at the time of the petition for removal). Removal here was never proper, so Richmond's citation to the language of *St. Paul Mercury Indemnity Co. v. Red Cab Co.* is unavailing. *See* 303 U.S. 283, 292 (1938) (precluding plaintiffs from defeating jurisdiction through amendment after proper removal). Therefore, this suit does not fall under the category of cases to which CAFA applies. Remand is thus appropriate.

## V.     CONCLUSION

In light of the strong presumption against removal jurisdiction, the Court holds that Richmond has failed to meet its burden of establishing that removal was proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, Plaintiffs' Motion to Remand (dkt. no. 15) is GRANTED.

Plaintiffs' Motion to Strike (dkt. no. 19) is DENIED.

DATED THIS 5th day of April 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE